UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERNIE G.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:20-cv-3288-MJD-RLY |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON JOINT MOTION FOR PLAINTIFF'S ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before the Court on the parties' Joint Motion for Plaintiff's Attorney Fees Under the Equal Access to Justice Act. [Dkt. 23.] The Court **DENIES** the motion for the reasons set forth below.

**I. Background**

On December 29, 2020, Plaintiff filed his Complaint seeking judicial review of the ALJ's unfavorable finding denying his application for disability benefits. [Dkt. 1.] The Court entered judgment in favor of Plaintiff on January 18, 2022, reversing the decision of the Commissioner

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

and remanding for further proceedings. [Dkt. 21.] The parties filed the instant motion with supporting documentation on April 15, 2022, timely requesting that Plaintiff be awarded an EAJA attorney fee award in the amount of $2,358.53, which represents 6.75 hours at $154.187 per hour for work performed in 2020 and 8 hours at $164.721 per hour for work performed in 2021. [Dkt. 23.]

## II. Discussion

Pursuant to the Equal Access to Justice Act ("EAJA"),

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Here, there is no question that Plaintiff is a prevailing party in this case. See Shalala v. Schaefer, 509 U.S. 292 (1993) (holding that Plaintiff whose complaint is remanded to an administrative law judge for further consideration qualifies as a "prevailing party" under Section 2412(d)(1)(B) of the EAJA). However, notwithstanding the parties' joint motion, the Court determines that special circumstances exist in this case that would make an award of fees unjust. Namely, as the Court noted in its Entry on Judicial Review, the briefs filed in this case by Plaintiff's attorney, Thomas Newlin, "fail[ed] to present cogent, properly supported arguments." [Dkt. 20 at 2.] The only reason Plaintiff prevailed in this case was that "as to one of the issues raised in the brief, the ALJ's decision [was] so deficient on its face that remand [was] required despite Mr. Newlin's own shortcomings." Id. In other words, Plaintiff

prevailed **in spite of** Mr. Newlin, not **because of** his work.  In light of that fact, it would be unjust to award fees in this case.[2]  Accordingly, the motion for fees is **DENIED**.

    SO ORDERED.

Dated:  19 APR 2022

                                          Mark J. Dinsmore
                                          United States Magistrate Judge
                                          Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.

---

[2] This is especially true in light of the fact that, two weeks before the opening brief was filed in this case, the undersigned had entered judgment against two of Mr. Newlin's clients based on his failure to present any cogent arguments.  See *Charles A. v. Saul*, 2021 WL 2820534, at *3 (S.D. Ind. July 7, 2021) ("Mr. Newlin has done no more than identify issues and state conclusions. He has not sufficiently developed any argument that would require remand of this case, and therefore he has waived any argument that could have been made."); *James M. v. Saul*, 2021 WL 2820532, at *2 (S.D. Ind. July 7, 2021) ("Mr. Newlin has done no more than identify issues. He has not sufficiently developed any of those issues, and therefore they are all waived.").  Mr. Newlin therefore was on notice that the Court would likely find any inadequately raised arguments to be waived, and yet he still filed a similarly deficient brief in this case.